*1223 OPINION.
Smith:
The deficiency notice upon which this proceeding is brought states that the evidence submitted by the petitioner—
is insufficient to show that you did not realize a profit of $96,800 on the sale of the “Champion & Cleveland plant” and 24 shares of capital stock of the Ohio Mattress Co., and, therefore, no change has been made from the action previously taken.
The allegations of error stated in the petition filed are:
4 (a) The attempt of the Commissioner of Internal Revenue to assess an additional tax against your petitioner by reason of a purported profit claimed by the Commissioner of Internal Revenue to have been made by your petitioner from a purported sale of real estate by your petitioner for an alleged sale price of $224,000 making an alleged profit of $64,000 on an alleged cost to your petitioner of $160,000.
4 (b) The attempt of the Commissioner of Internal Revenue to assess an additional tax against your petitioner by reason of a purported profit claimed by the Commissioner of Internal Revenue to have been made by your petitioner from a purported sale by your petitioner of 24 shares of capital stock of the Ohio Mattress Co. for an alleged sale price of $36,000 on an alleged cost to your petitioner of $3,200.00; said alleged profit being claimed by the Commissioner of Internal Revenue to have been $32,800.00.
*1224 At the hearing the petitioner and counsel for the Commissioner stipulated that the March 1, 1913, value of the 24 shares of the Ohio Mattress Co. stock sold was $6,910 and that the profit realized by the petitioner upon the sale thereof was $29,090. No part of this profit was reflected in the petitioner’s income-tax return for 1920.
The substantial point in issue in this proceeding is whether the $64,000 paid to the petitioner by his father, Moris Wuliger, on June 1, 1920, was a gift or was taxable income. The petitioner contends that it was the intention of his father to make him a gift of $100,000 and that of the amount paid to him $64,000 was a gift. The petitioner admits that his father never advised him that it was a gift. The petitioner’s father denied under oath that it was a gift. The only evidence that petitioner relies upon in support of his contention that it was a gift is a deposition of a friend of his, Arthur H. Poliak, who has deposed that the petitioner’s father advised him in May, 1920, that he was going to make a gift of $100,000 to the petitioner.
The weight of the evidence is that no part of the $100,000 paid to the petitioner in 1920 was a gift. The circumstances under which the money was paid all go to show that in 1920 the petitioner and his father were hostile to- each other. The Ohio Mattress Co. and Moris Wuliger were not in funds with which to make the payment and $50,000 of the amount was borrowed by them from the Guardian Trust Co. of Cleveland for that purpose. The petitioner had set the price of $100,000 as the consideration for the quitclaiming by him of his title to the Champion real estate and the sale of 24 shares of stock of the Ohio Mattress Co. The petitioner refused to accept any note for the payment of the money or even to receive a check. These circumstances clearly point to the fact that there was no intention on the part of Moris Wuliger to make a gift to his son. The petitioner admits that his father never stated to him that he was making a gift to him of any part of the $100,000 in question. In addition thereto there is the statement under oath of the petitioner's father that he never intended to make a gift of any part of the $100,000 to his son. From this evidence we must conclude that there was no element of a gift in the payment of the $100,000 in question, but that it was unwillingly paid by the petitioner’s father and the Ohio Mattress Co. as consideration for the quitclaim deed and the sale of the 24 shares of stock of the Ohio Mattress Co.
Section 213 of the Revenue Act of 1918, under the provisions of which the petitioner filed his income-tax return for 1920, provides in part:
That for the purposes of this title (except as otherwise provided in section 233) the term “ gross income ”—
(a) Includes gains, profits, and income derived from * * * professions, vocations, trades, businesses, commerce, or sales or dealings in property *1225 whether real or personal, growing out of the ownership or use of or Interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.
Whatever part of the $100,000 represented the sale price of the shares of stock and whatever part represented consideration for quit-claiming title on the Champion property, we are of the opinion that the excess of the total received over the March 1, 1913, value of the shares of stock sold, to Avit, $93,090, was taxable income of the petitioner for 1920 within the meaning of the taxing statute. The petitioner derived a gain of $93,090 from the transaction. There is no provision of the statute exempting such gain from tax, unless it be a gift, and we have found specifically that no part of it Avas a gift.
The petitioner returned no part of the $93,090 received in 1920 as taxable income in his return for that year. At the hearing he admitted that $29,090 of the amount received was taxable income and that his return v?as in error in not including the same as taxable income. At the hearing counsel for the respondent moved that the respondent’s answer be amended so as to include therein the following:
The respondent avers that petitioner filed a false and fraudulent return for the year 1920 and asserts the fifty per cent evasion penalty in accordance with Section 3176 of the Revised Statutes as amended by Section 1317 of the Revenue Act of 1918 and the corresponding sections of the subsequent Acts.
The respondent had authority to make such motion by section 274(e) of the Revenue Act of 1926. From the evidence Ave believe that in this case a false and fraudulent return for the year 1920 was wilfully made and that the deficiency is due to fraud with intent to evade tax. The claim of the respondent for the imposition of the additional 50 per cent is granted. Cf. sections 283(a) and 275(b) of the Revenue Act of 1926.

Judgment will be entered under Bule 50.